IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DEAN NECKLACE,<br><br>　　　　　Defendant. | Cause No. CR-10-28-GF-DLC-RKS<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

## I.  Synopsis

Defendant Dean Necklace was charged with violating his conditions of supervised release by failing to attend substance abuse treatment sessions. He admitted to the violations. Mr. Necklace's supervised release should be revoked and he should be sentenced to five months imprisonment, follwed by 31 months supervised release.

## II.  Status

Mr. Necklace pled guilty in 2010 to Domestic Assault by a Habitual

1

Offender. CD 16. He was sentenced on July 20, 2010 to 37 months in prison, to be followed by three years supervised release. CD 24. Mr. Necklace signed the terms of his supervision on October 5, 2012. CD 27.

**Petition**

The United States Probation Office filed a petition on March 25, 2013, seeking revocation of Mr. Necklace's supervised release. CD 27. The petition states that probation officers met with Mr. Necklace in January 2013 to address Mr. Necklace's failure to comply with his supervised release conditions, and warned Mr. Necklace they would seek revocation for further non-compliance. The petition alleges that Mr. Necklace subsequently violated Special Condition #2 of his supervised release on two occasions by missing scheduled substance abuse treatment sessions. CD 27. The case was reassigned the Hon. Dana Christensen, United States District Judge, and referred to the undersigned. Based on the petition, the undersigned issued a warrant for Mr. Necklace's arrest. CD 28.

**Initial appearance**

Mr. Necklace was arrested on March 27, 2013, and made an initial appearance before the undersigned in Great Falls, Montana, on March 29, 2013. CD 29, 30. Federal Defender David Ness appeared with Mr. Necklace and was appointed to represent him. Assistant United States Attorney Laura Weiss

represented the United States. The undersigned described the Findings and Recommendations procedure to Mr. Necklace, explaining that the Judge Christensen would ultimately decide whether his supervised release was revoked, and if so, what sentence to impose. Mr. Necklace was informed that he has the right to appear and allocute before Judge Christensen, and must object to the Findings and Recommendations to preserve that right.

Mr. Necklace said he had read the petition and understood the accusations. Ms. Weiss asserted that Mr. Necklace could be imprisoned for a maximum of 24 months if he was found to have violated his supervised release conditions. Mr. Ness agreed. A revocation hearing was scheduled for April 4, 2013. Ms. Weiss moved for detention. Mr. Ness opposed detention, and asked for an immediate hearing. Based on that hearing, the undersigned determined detention pending the revocation hearing was appropriate.

**Revocation hearing**

Mr. Necklace was present at the revocation hearing in Great Falls, Montana, April 4, 2013. He was represented by Federal Defender David Ness. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Necklace admitted to violating his conditions of supervised release by failing to attend two substance abuse treatment sessions, as alleged in the petition.

The undersigned found the admissions sufficient to establish violations and proceeded to sentencing.

**Sentencing**

The undersigned noted that the court had received two letters supporting Mr. Necklace, and deemed them part of the record of the revocation hearing. The first letter, from Child Protective Services Agent Lori Ketchum, detailed the efforts and progress Mr. Necklace has recently made in developing a relationship with his four-year-old daughter. The letter states that Mr. Necklace attended weekly visits with his daughter (who is in the temporary custody of CPS) and had recently begun visits at his home. The second letter, from Counselor Yuki Brien, states that Mr. Necklace is an active, engaged participant in counseling sessions when he attends, but he has missed two sessions without notice. The letter notes that a traumatic brain injury and Attention Deficit Hyperactivity Disorder may affect Mr. Necklace's cognitive process.

The undersigned calculated that Mr. Necklace's violation grade is C. His criminal history category is III. The underlying felony is class C. Under those circumstances, the maximum term of imprisonment is 24 months, and the guideline range is 5 to 11 months. Mr. Necklace could be sentenced to supervised release for up to three years, less any custodial time imposed. U.S. Sentencing Guidelines,

Ch. 7. Mr. Weldon and Mr. Ness agreed with those calculations.

Mr. Ness requested that instead of revoking Mr. Necklace's supervised release, the court modify it terms to require placement in a pre-release center. Mr. Ness noted that Mr. Necklace had been employed at the time of his arrest. Mr. Ness said that Mr. Necklace's desire to obtain custody of his daughter provided him with powerful motivation to improve his life and comply with the law. Mr. Ness argued that a prison sentence could derail Mr. Necklace's efforts and deprive him of that motivation.

Mr. Necklace addressed the court. He said he is more productive as a member of the community that as an inmate. He discussed his efforts to obtain custody of his daughter, and explained how meaningful that developing bond is to him. Mr. Necklace asked to remain on supervised release so he could continue to cultivate the relationship.

Mr. Weldon argued for a prison sentence within the guideline range. Mr. Weldon noted that Mr. Necklace's underlying offense was a violent assault that left the victim unconscious. Mr. Weldon argued that Mr. Necklace's violations came even after his probation officer had given him warnings for previous alleged noncompliance with supervised release conditions. Mr. Weldon recognized that Mr. Necklace has a child, but argued that parenthood is not grounds for departure

from the sentencing guidelines.

### III. Analysis

Mr. Necklace's supervised release should be revoked. He should be sentenced to five months imprisonment and 31 months supervised release. Based on the letter from Child Protective Services and Mr. Necklace's allocution, the undersigned believes Mr. Necklace has a sincere desire to develop a relationship with his daughter and is motivated by that desire to behave more responsibly. However, Mr. Necklace has repeatedly failed to attend mandatory substance abuse treatment sessions, despite warnings from his probation officer. The condition requiring substance abuse treatment is intended to protect the community, and Mr. Necklace must learn to comply with that and all other supervised release conditions.

The undersigned believes incarceration is a necessary sanction for Mr. Necklace's failure to comply with supervised release conditions. The violations are a troubling indication that Mr. Necklace may not fully appreciate the seriousness of the court-ordered conditions or his own need for treatment. On the other hand, Mr. Necklace's employment, his efforts regarding his daughter, and his active participation in the therapy sessions he does attend are encouraging. Those factors convince the undersigned that a prison sentence at the low-end of the

guideline range is sufficient. The maximum term of supervised release would give Mr. Necklace the best chance to manage his substance abuse issues and establish himself as a productive member of society.

## IV. Conclusion

Mr. Necklace was informed that the above sentence would be recommended to Judge Christensen. The undersigned reminded Mr. Necklace of his right to object to the Findings and Recommendations within 14 days of their issuance. Mr. Necklace was also reminded that he has a right to appear and to allocute before Judge Christensen, and that he must properly object to the Findings and Recommendations to preserve that right.

The Court makes the following **FINDINGS:**

1. Mr. Necklace violated Special Condition #2 of his supervised release by failing to appear at a treatment session on February 14, 2013.

2. Mr. Necklace violated Special Condition #2 of his supervised release by failing to appear at a treatment session on March 11, 2013.

The Court makes the following **RECOMMENDATIONS:**

1. The district court should enter the attached Judgment, revoking Mr. Necklace's supervised release and committing Mr. Necklace to the custody of the United States Bureau of Prisons for a term of imprisonment of five months, with 31 months supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 8th day of April, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge